IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-CR-01614-JB |
| | ) | |
| v. | ) | |
| | ) | |
| **MATEO MAESTAS**, | ) | |
| | ) | |
| Defendant. | ) | |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 16(d)(1), the United States moves for a protective order to restrict discovery. Specifically, the government seeks a protective order permitting the government to provide discovery containing private information and personal identifying information (collectively "PII") to defense counsel and restricting subsequent disclosure of such PII. Defendant's attorney has been consulted about this motion and does not object to entry of the proposed protective order that is being submitted with this motion.

On June 12, 2019, Defendant was indicted by a federal grand jury with Involuntary Manslaughter in violation of 18 U.S.C. §§ 1153 and 1112 (Doc.15). Defendant is alleged to have unlawfully operated a motor vehicle without due caution resulting in the death of Jane Doe and injuring her two minor children. As a result of these allegations, OMI photos and medical records for Jane Doe and medical records for the two minor victims will be provided containing sensitive information including PII.

The United States is required by Rule 16(a)(1) to provide medical records as discovery. Redacting the photos and records would be onerous and would substantially delay the discovery process. Furthermore, the minor victims have the right to reasonable protection from the

accused. 18 U.S.C. § 3771.  Accordingly, the United States respectfully requests that this Court enter a protective order:

1. Permitting the government to provide, without redaction, the PII of the victims to the extent that PII is present in discoverable materials relating to records;

2. The defense team is to safeguard and not disclose the PII provided to them, other than to the extent necessary to prepare the defense;

3. Ordering that Defendant not be allowed to retain any PII, specifically any medical records of the victims, during the course of the litigation (although Defendant is entitled to review the materials with his counsel or members of his defense team);

4. Ordering the parties to ensure that PII is redacted from any documents filed with the court (unless filed under seal) and from any exhibits offered at trial.

The United States has conferred with defense counsel and has been informed he does not object to the requested relief.

> Respectfully submitted:
>
> JOHN C. ANDERSON
> United States Attorney
>
> */s/ Filed Electronically December 9, 2019*
> ELISA C. DIMAS
> NICHOLAS J. MARSHALL
> Assistant U.S. Attorney
> P.O. Box 607
> Albuquerque, New Mexico 87103
> (505) 346-7274

I HEREBY CERTIFY that on December 9, 2019, I
filed the foregoing electronically through the
CM/ECF system, which caused the below counsel
of record to be served by electronic means, as more
fully reflected on the Notice of Electronic Filing.

*/s/ Filed Electronically*
Elisa C. Dimas, Assistant U.S. Attorney